# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

ALBERT THOMAS,                :
                              :
    Plaintiff,           :
                              :
v.                            :     CIVIL ACTION NO.
                              :     1:96-CV-0527-JOF
ZELL MILLER, et al.,          :
                              :
    Defendants.          :

## OPINION AND ORDER

This matter is before the court on Plaintiff's motion for reconsideration [101] and Plaintiff's amended motion for reconsideration [103].

On March 1, 1996, Plaintiff filed the instant suit pursuant to 42 U.S.C. § 1983 against multiple Defendants, alleging various causes of action. After several motions were filed, the court narrowed Plaintiff's complaint to his claim that Defendants had denied him annual parole reconsideration hearings under an unconstitutional retroactive application of amended regulations of the Georgia State Board of Pardons and Paroles ("the Board"). In 1999, the court found that the retroactive application in Plaintiff's circumstances was unconstitutional and ordered yearly review of Plaintiff's parole status. After a brief period where the Board failed to conduct yearly reconsideration, Plaintiff's status has been considered on a regular basis and the Board has continued to deny Plaintiff's request for parole. The court has

issued a series of orders since that time rejecting Plaintiff's additional claims for relief. *See* Orders dated Feb. 4, 2003; Mar. 12, 2003; July 28, 2003; Jan. 14, 2004; Mar. 5, 2004; June 16, 2004; Nov. 2, 2004; and Feb. 1, 2005.

In his motions for reconsideration, Plaintiff appears to contend that his due process rights have been violated because he has not been released on parole. Plaintiff reviews the process for consideration of parole for those individuals sentenced to life imprisonment. Plaintiff also says he has exhausted his state court remedies through the habeas corpus process and indicates that he would like to raise five claims in a second or successive § 2254 petition. Plaintiff also again raises claims of the adequacy of his medical care. The court, however, was quite explicit in its last order that this complaint that Plaintiff filed more than 14 years ago on March 1, 1996, dealt with the frequency of Plaintiff's parole reconsideration. The merits of this complaint have been addressed and this case has long been closed. The court will not permit Plaintiff to amend his complaint at this stage.

Furthermore, Plaintiff does not indicate to the court which order he asks to be reconsidered. The last order entered by the court on June 12, 2009, denied Plaintiff's motion to amend his complaint. The instant motions for reconsideration do not apply to that order and, therefore, would also be out of time.

In sum, the court DENIES Plaintiff's motion for reconsideration [101] and DENIES Plaintiff's amended motion for reconsideration [103]

2

**IT IS SO ORDERED** this 30th day of March 2010**.**

     /s   J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)